# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**DR. J. JAY SANDERS HAILE, VII,**
**R. JENKINS, et al.,**

      **Plaintiffs,**

**vs.**                            **Case No. 4:16cv621-WS/CAS**

**OFFICERS D. HOUGHSTEIN, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This case was initiated by two prisoners incarcerated at Union Correctional Institution.  ECF No. 1.  A motion requesting leave to proceed in forma pauperis was signed by only one prisoner, Mr. Haile, on behalf of himself an as "attorney in fact" for Mr. Jenkins.  ECF No. 2 at 1-2.

An Order was entered on October 13, 2016, deferring ruling on the in forma pauperis motion and advising that two prisoners cannot split the cost of one lawsuit.  ECF No. 4.  The PLRA requires "each individual prisoner to pay the full amount of the required fee."  Hubbard v. Haley, 262 F.3d 1194, 1198 (11th Cir. 2001).  Thus, whichever Plaintiff desired to continue this

case was required to "file another in forma pauperis motion, in his own name, and containing only his signature."  ECF No. 4.  The deadline to do so was November 15, 2016, and as of this date, no in forma pauperis motion has been filed.

Instead, Mr. Haile submitted a document in which he expressed "objections" to the Order, requested that counsel be appointed and a ruling entered on the prior in forma pauperis motion as filed.  ECF No. 5. Mr. Haile also provided notice of a change of address within that document, ECF No. 5,[1] along with his "first amended complaint," ECF No. 6, and containing only his name and signature.  For his part, Mr. Jenkins filed an objection, a notice of appeal filed in advance of judgment being entered, a motion requesting a ruling be entered on the prior in forma pauperis motion, and a motion requesting the appointment of counsel, all within one document.  ECF No. 7.

_____

[1] That notice advises that Mr. Haile's address changed to: 1819 228th Street, NW, Union County, FL 32083.  ECF No. 5 at 1.  The envelope in which the document was mailed confirms that it was mailed from a State Correctional Institution.  Although Plaintiff Haile has not clearly indicated where he is incarcerated, the address he provided does not match the address provided on the Florida Department of Corrections' website for Union Correctional Institution.  Instead, the address listed on the website reveals the mailing address for Union C.I. to be: P.O. Box 1000, Raiford, Florida.  That was the location from which Plaintiffs mailed the original complaint.  *See* ECF No. 1 at 9.

Case No. 4:16cv621-WS/CAS

A subsequent Order advised that the in forma pauperis motion was not sufficient.  ECF No. 8.  The Order explained that to proceed with this case, "three documents must be filed: (1) an amended in forma pauperis motion, (2) a signed Prison Consent Form and Financial Certificate supported by the inmate's Trust Fund Account Statement, and (3) an amended complaint."  *Id.*  The Order further warned that if the documents were not received by the deadline provided, December 23, 2016, this case would be dismissed.  *Id.* at 5.  Despite that warning, nothing has been received from either Plaintiff.

The law is clear that two prisoners may not join together to bring a civil rights case with in forma pauperis status.  It is equally clear that one prisoner may not represent another prisoner or sign documents on another's behalf as "attorney in fact" as explained previously.  ECF No. 4. Because neither Plaintiff properly filed an in forma pauperis motion, signed Prison Consent Form, or a proper amended complaint, this case should now be dismissed.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to comply with court orders and failure to prosecute, and that all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on January 4, 2017.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



<u>**NOTICE TO THE PARTIES**</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**